Filed 7/29/14  P. v. Arnott CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

| | |
|---|---|
| THE PEOPLE, | C074275 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 11F2332, 11F7992, & 13F0495) |
| v. | |
| PAUL C. ARNOTT, | |
| Defendant and Appellant. | |

In February 2013 defendant Paul C. Arnott entered no contest pleas in three superior court cases.  In case No. 11F2332, he pleaded to forgery (Pen. Code, § 470, subd. (d))[1] and identity theft (§ 530.5).  In case No. 11F7992, he pleaded to failure to appear in court on the previous case.  (§ 1320, subd. (b).)  In case No. 13F495, he pleaded to evading the police with disregard for public safety.  (Veh. Code, § 2800.2.)  Defendant admitted that he committed the evading offense while released from custody in the two

---

[1] Undesignated statutory references are to the Penal Code.

1

previous cases.  (§ 12022.1.)  He also admitted having served a prior prison term. (§ 667.5, subd. (b).)  In exchange, two misdemeanor counts and four prison term allegations were dismissed.  Defendant entered a *Harvey*[2] waiver for restitution in an unfiled matter.[3]

Defendant was sentenced to prison for seven years four months, awarded 83 days' custody credit and 83 days' conduct credit, ordered to pay various fines and fees, and ordered to make restitution to his victims including $1,677.45 to the Shasta County District Attorney Bad Check Unit (DA).

Defendant contends, and the People concede, the victim restitution award to the DA is improper because the DA was not the direct victim of any of defendant's crimes. The concession moots defendant's alternative claim that his trial counsel rendered ineffective assistance by failing to object to the award to the DA.  We modify the judgment to order restitution to the direct victims of defendant's conduct.

FACTS

Because defendant's contentions relate solely to the issue of victim restitution in the unfiled matter that is the subject of his *Harvey* waiver, the facts of the three filed cases are not at issue and need not be set forth in this opinion.[4]

---

[2]  *People v. Harvey* (1979) 25 Cal.3d 754.

[3]  We granted defendant's motion to augment the record with the investigative report in the unfiled matter, No. 11-22248.

[4]  The minute order, the original abstract of judgment, and the amended abstract of judgment incorrectly attribute this restitution to filed case No. 13F495.

In the unfiled matter, defendant passed the following nonsufficient funds checks:

| Number | Payee | Date | Amount |
|--------|-------|------|--------|
| 102 | Farmer's Market | 09/13/2011 | 97.01 |
| 121 | Farmer's Market | 09/19/2011 | 60.91 |
| 140 | Sunshine Market | 09/26/2011 | 32.56 |
| 150 | Costco | 10/05/2011 | 266.82 |
| 133 | Top's Market | 09/24/2011 | 48.49 |
| 135 | Top's Market | 09/25/2011 | 64.84 |
| 93 | Winco Foods | 07/10/2012 | 168.29 |
| 147 | Food Maxx | 06/29/2012 | 167.81 |
| 122 | Food Maxx | 06/29/2012 | 186.52 |

## DISCUSSION

### *The Victim Restitution Award Must be Modified*

Defendant contends the DA is not a direct victim of the offenses at issue in the unfiled matter. As a remedy, defendant argues that the award of $1,677.45 to the DA must be stricken.

The People concede that the DA is not a direct victim and that the award to the DA is not proper, but they claim the proper remedy is to modify the judgment to award restitution to the direct victims in the amounts shown in the above table. We agree with the People.

### *Background*

As part of the negotiated plea, defendant entered a *Harvey* waiver for restitution in an unfiled matter reflected in Shasta County District Attorney investigative report no. 11-22248. At the February 2013 change of plea hearing, the prosecutor referred to the investigation of the unfiled matter, which had revealed that defendant had written two

3

bad checks totaling $157.92. Attendant administrative, bank, and diversion fees were $180. In an October 2011 letter, the DA had demanded that defendant make an immediate payment of $337.92.

On March 14, 2013, the DA sent defendant an updated letter reiterating the two bad checks and adding seven more bad checks; this letter demanded payment of $1,677.45, consisting of $1,093.25 in bad checks, $84.20 in bank fees, and $450 in administrative fees.

The probation report filed March 19, 2013, recommended that defendant be "ordered to pay $1,677.45 to the Shasta County District Attorney's Bad Check Unit regarding the unfiled case pertaining to Shasta County District Attorney's Investigative report # 11-22248." At sentencing, the trial court followed this recommendation. Neither counsel pointed out that the DA was not a direct victim. The minute order and the amended abstract of judgment reflect that the court ordered restitution to the DA.

*Analysis*

"Section 1202.4 declares 'the intent of the Legislature that a victim of crime who incurs any economic loss as a result of the commission of a crime shall receive restitution directly from any defendant convicted of that crime.' [Citation.] Accordingly, with specified exceptions, 'in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims . . . .' [Citation.] Absent extraordinary and compelling reasons [citation], restitution 'shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct' [citation], and must include, but is not limited to, such costs as the value of stolen or damaged property, as determined by repair or replacement value [citation], medical expenses [citation], and '[w]ages or profits lost due to injury incurred by the victim' [citation].

4

"For purposes of section 1202.4, a 'victim' is defined to include, among others, the actual victim's immediate surviving family [citation], as well as specified relatives of the actual victim, and present and certain former members of the victim's household, who sustained economic loss as a result of the crime [citation]. A 'victim' also includes '[a]ny corporation, business trust, estate, trust, partnership, association, joint venture, government, governmental subdivision, agency, or instrumentality, or any other legal or commercial entity *when that entity is a direct victim of a crime*.' [Citation].

"The case law has ascribed a precise meaning to the phrase 'direct victim,' as that phrase has appeared in several restitution statutes. Thus, it is established that a statute 'permitting restitution to entities that are "direct" victims of crime [limits] restitution to "entities against which the [defendant's] crimes had been committed"–that is, entities that are the "immediate objects of the [defendant's] offenses." [Citation.]' [Citations.]" (*People v. Runyan* (2012) 54 Cal.4th 849, 856.)

In this case, the parties agree that the DA was not the immediate object of any of defendant's bad check offenses; rather, the immediate objects were the vendor payees set forth in the above table. (Cf. *People v. Martinez* (2005) 36 Cal.4th 384, 393-394 [state agency that cleaned up the defendant's methamphetamine laboratory was not a direct victim of his offense].) Because the trial court had no jurisdiction to award victim restitution to the DA, its order may be corrected on appeal notwithstanding the lack of contemporaneous objection. (*People v. Scott* (1994) 9 Cal.4th 331, 354.)

The correction proposed by defendant--the simple striking of the restitution order--would leave the vendor victims without any restitution and confer an undeserved windfall upon defendant. The People objected to that windfall in their respondent's brief, and defendant has elected not to file a reply brief. We modify the judgment to order restitution to the direct victims of defendant's conduct.

There is no contention that the bank fees and administrative fees demanded in the DA's letters were owed to direct victims of defendant's offenses.  We have no occasion to consider that issue.

## DISPOSITION

The judgment is modified to award victim restitution to the entities named in the above table in the amounts shown therein.  As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.

                                           BLEASE              , J.

We concur:

    RAYE                 , P. J.

    DUARTE           , J.